EMPIRE STATE–IDAHO MINING & DEVELOPING CO. et al. v. BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO.

(Circuit Court of Appeals, Ninth Circuit. March 10, 1902.)

No. 704.

MINING CLAIMS—CONCLUSIVENESS OF PATENT—CONFLICT OF SURFACE LINES.
    Issuance of a patent, after due notice, for a mining claim, conclusively determines its priority, as to the surface and the incident extralateral rights, over claims whose surface lines conflict therewith.[1]

In Error to the Circuit Court of the United States for the District of Idaho.

W. B. Heyburn, for plaintiff in error.

Curtis H. Lindley and John R. McBride, for defendant in error.

[1] Conclusiveness of patents to mining claims, see note to Bunker Hill & Sullivan Mining & Concentrating Co. v. Empire State-Idaho Mining & Developing Co., 48 C. C. A. 674.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.   These were cross writs of error sued out by the defendant to the action of ejectment brought in the court below by the defendant in error as plaintiff, based upon its ownership of the Stemwinder mining claim.   The case was tried without a jury, and resulted in certain findings of fact, annexed to which, as illustrative of them, was a diagram showing, among other things, the underground segment of the ledge for which the court below gave the plaintiff to the action judgment.   The plaintiff brought the case here by writ of error, and we held that the underground segment for which the court below awarded the plaintiff judgment constituted a part of the Last Chance mining claim, of which the findings showed the defendant Last Chance Mining Company to be the owner, and, being awarded more than it was entitled to, the then plaintiff in error had no just cause of complaint.   The judgment thus brought under review was accordingly affirmed.   Bunker Hill & S. Mining & Concentrating Co. v. Empire State-Idaho Mining & Developing Co., 48 C. C. A. 665, 109 Fed. 538.   The then plaintiff in error thereupon filed a petition for a rehearing of the cause solely upon the ground that this court erred in holding, as it did, that the owner of the Stemwinder claim was estopped from claiming anything embraced by the Last Chance patent, by reason of the failure on the part of the Stemwinder to contest the application of the Last Chance for its patent.   The defendants to the action having meanwhile sued out the present cross writs of error, the respective parties requested the court to hear and consider the petition for rehearing along with the cross writs, which has been done.   A careful re-examination of the questions considered in the opinion of the court above cited satisfies us of its correctness, although to avoid the misconception of that opinion taken by counsel for the then plaintiff and present defendant in error, and make it more clearly express its meaning, we here so alter the clause of the opinion, as reported at the top of page 547 of volume 109 of the Federal Reporter, and page 674, 48 C. C. A., as well as the original, as to make it read as follows:

The application for the patent for the Last Chance was, as has been seen, for the whole claim, as indicated in the diagram hereinbefore set out, and carried with it, as has been said, the implied, if not the expressed, allegation that the location was made upon land at the time open to location, and was therefore prior to any location thereof by any one else.   The issuance by the government of its patent, after due notice to all the world of the application, and ample notice to every one to contest it, conclusively determined, as against every one whose surface lines conflicted therewith, the priority of that location over every other, including the Stemwinder, and conferred upon the patentees and their successors in interest not only the entire surface of the claim, but, as against every one whose surface lines conflicted with those of the Last Chance, the extralateral rights conferred by section 2322 of the Revised Statutes to follow on their dip outside of the side lines, and within vertical planes drawn through the parallel end lines extended in their own direction, all veins, lodes, or ledges the tops or apexes of which lie inside the surface lines of the claim.   As a mat-

ter of course, in the absence of a surface conflict, there would be no ground for an adverse claim, and no question would arise of which the land department could take cognizance. Conflicts in respect to extralateral rights growing out of locations whose surfaces do not conflict, and which are therefore beyond the purview of the proceedings in the land department, are matters solely for the determination of the courts when brought before them.

The necessary result of an adherence to that opinion is that on the present writs the judgment of the court below awarding to the plaintiff to the action the underground segment above indicated, and which the findings show constitute a part of the Last Chance claim, must be reversed. And as the findings fail to show that the defendant Empire State-Idaho Mining & Developing Company has infringed upon any right of the plaintiff, judgment must be directed in favor of both of the defendants. In the brief of counsel for the present defendant in error we are asked to now adjudicate between the extralateral rights of the Stemwinder claim and the Viola claim, shown in a suit just decided by this court to be the property of the defendant Empire Company. But the judgment roll upon which the present writs must be disposed of presents no such question. The bill of exceptions embodied in the record cannot be considered, for the reason that the assignment of errors, save only the one challenging the sufficiency of the findings of fact to support the judgment, relate only to questions which cannot be considered by the appellate court. Empire State-Idaho Mining & Developing Co. v. Bunker Hill & Sullivan Mining & Concentrating Co. (just decided) 114 Fed. 417.

The judgment is reversed, and cause remanded, with directions to the court below to enter judgment for the defendant on the findings.